KESSLER, P.J.[1]
¶ 1 T.W. appeals from the orders of the circuit court terminating her parental rights to her children, C.O.J.-W. and X.L.J.-W. She also appeals the order denying her post-disposition motions. T.W. contends that she received ineffective assistance of counsel because counsel did not object to statements made during the guardian ad litem's (GAL) closing arguments regarding the best interests of the children. We affirm.
BACKGROUND
¶ 2 On July 20, 2016, the State filed petitions to terminate T.W.'s parental rights to two of her children, C.O.J.-W. and X.L.J.-W., alleging that the children were in need of continuing protection or services (continuing CHIPS) and failure to assume parental responsibility.
¶ 3 The matter proceeded to a fact-finding trial where multiple witnesses testified. During closing arguments, the GAL addressed the evidence presented, noted the history of domestic violence between T.W. and the children's father, and commended T.W.'s efforts. The GAL also opined that T.W. was not capable of meeting the conditions for her children's return within the following nine months, stating:
You need to ask yourselves with the evidence that's been provided each one of those elements that was provided to you beyond your jury instruction sheet. Tough. A tough decision. Tough decision. It is. But what's in the best-Strike that. What is in the interest of the children? That's most important. And has the DA and myself proven those elements? I'm confident that we have.
It's not pretty, it's not nice. But is evidence there to substantiate everything that the DA has alleged? Yes, I believe so. And, as a result, we ask that you at the end of the day after you've deliberated and during your deliberation, you check yes to every one of those elements because they've been proven. Thank you.
¶ 4 The jury found that the State failed to prove the elements of failure to assume parental responsibility, but that the State met the burden of proving continuing CHIPS. The verdict was not unanimous-two jurors dissented. The circuit court made the requisite finding of unfitness. The matter proceeded to disposition, where the circuit court found that terminating T.W.'s parental rights was in the best interests of the children.
¶ 5 T.W. filed notices of appeal and motions for remand with this court. We granted the motions. T.W. then filed post-disposition motions[2] for a new trial arguing that she received ineffective assistance of counsel "in that trial counsel failed to object and move for a mistrial due to the GAL's reference to the jury during closing argument that it consider the best interest of the children." T.W.'s argument was based on the Wisconsin Supreme Court's holding in Waukesha County Department of Social Services v. C.E.W , 124 Wis. 2d 47, 60-61, 368 N.W.2d 47 (1985), that any consideration of a child's best interests in a termination proceeding is a proper concern only at the dispositional hearing, not the fact-finding stage. T.W. argued that "this was an extremely close case," as two jurors dissented on the question of continuing CHIPS. T.W. also stated that when the circuit court polled the jury, a third juror stated he "was also initially a dissenter but later changed his mind." T.W. argued that there was a reasonable probability that the GAL's statement gave the State "the bump it needed to secure a 5/6ths verdict."
¶ 6 The circuit court denied the motion without a hearing, noting that the GAL's comment was "fleeting" and that sufficient evidence supported the jury's verdict.
¶ 7 This appeal follows.
DISCUSSION
¶ 8 To succeed on a claim for ineffective assistance of counsel, T.W. has to show that her trial counsel's performance was deficient and prejudicial. See Strickland v. Washington , 466 U.S. 668, 687 (1984). Failure to prove either one of these prongs defeats her claim. See id. at 697. We will uphold the circuit court's findings of fact unless they are clearly erroneous. See State v. Carter , 2010 WI 40, ¶ 19, 324 Wis. 2d 640, 782 N.W.2d 695. We review de novo whether those facts support the ultimate determination of whether counsel's performance was deficient and if that performance was prejudicial. See State v. Artic , 2010 WI 83, ¶ 22, 327 Wis. 2d 392, 786 N.W.2d 430.
¶ 9 In Door County Department of Health and Family Services v. Scott S. , 230 Wis. 2d 460, 602 N.W.2d 167 (Ct. App. 1999), we held that it is reversible error in a fact-finding hearing "[o]nly when the court or the GAL instruct the jury that it should consider the best interests of the child." See id. at 469. T.W. has not shown how the GAL's closing arguments were prejudicial so as to undermine our confidence in the outcome of the proceeding. See Strickland , 466 U.S. at 694. When read in context, it is clear that the GAL did not "instruct" the jury to consider the "best interests of the child[ren]" standard. See Scott S. , 230 Wis. 2d at 469. Rather, the GAL initially misspoke, stating "what's in the best-Strike that." The GAL immediately withdrew her statement and then continued, asking the jury to consider "what is in the interest of the children." The GAL asked the jury, in light of the evidence presented, to find that the State met its burden of proving grounds for termination of T.W.'s parental rights. While this may have been close to the line drawn in Scott S. , we conclude that the statement as corrected did not cross it here. We agree with the circuit court that the GAL's reference to the children's best interests was "fleeting" in the context of the totality of the closing argument.
¶ 10 Moreover, T.W.'s assertion that a potential dissenting juror changed his mind because of the GAL's statement is purely speculative.[3] The evidence was sufficient for the jury to conclude that the children were in need of continuing protection or services. Multiple witnesses, including T.W.'s initial placement case worker, a family therapist, and the family case manager, testified about the history of domestic violence between T.W. and the children's father, T.W.'s lack of understanding of safety concerns, T.W.'s various struggles with her children, the services provided to T.W., and T.W.'s inability to meet the conditions of return despite the services provided. From the evidence presented, the jury could reasonably conclude that T.W. failed to the meet the conditions for the children's return.
¶ 11 For the foregoing reasons, we conclude that T.W. has failed to show that counsel's failure to object to the GAL's closing remarks was prejudicial to her case. Accordingly, we affirm.
By the Court. -Orders affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

T.W. filed separate notices of appeal and separate motions for each child.

The record does not actually state that one of the jurors initially planned to dissent but then changed his mind. Rather, when the circuit court polled the jury following the trial, one juror told the court that "[i]t was an undecided as to Question 4 ... and then an eventual decision."